HALL, Judge.
Plaintiff, Billy Clyde W. Owens, appeals from an adverse judgment rejecting his demands against his employer, Bird & Son, Inc., and its insurer, Employers Insurance of Wausau, for workmen’s compensation benefits, and his demands against Aetna Life & Casualty Company for benefits under a group sickness and accident policy issued to the employer. We affirm the judgment of the district court.

The Facts

Plaintiff worked for .Bird & Son for eighteen years as a common laborer. For *884 a number of years prior to the alleged accident he had some intermittent back pain for which he had seen the company doctor, Dr. Birdwell, on a couple of occasions. On those occasions the doctor diagnosed his problem as muscle strain and prescribed heat, sleeping on the floor, and the like. The last time plaintiff saw a doctor for this sort of problem was about three years prior to the alleged accident.
About the middle of January, 1974, plaintiff slipped and fell while climbing a ladder. He testified he immediately felt pain in his back and knee. He reported the incident to his foreman complaining only of having hit his knee and pain in the knee. He made no mention of any back pain to the foreman.
The foreman asked him if he wanted to go to a doctor and he did not want to at that time. He kept having some pain in the knee (and in the back according to plaintiff) and was given a form to fill out so that he could go see the company doctor. He took the form home and his wife filled it out (plaintiff is semiliterate), mentioning only the knee injury. Plaintiff went to see Dr. Rushing in March, about two months after the accident. He. complained to Dr. Rushing only of the injury to the knee which was bruised and swelling and the doctor examined and x-rayed only the knee. In February, plaintiff had also been to Dr. Rushing for flu-like complaints. Nothing was mentioned at that time about any back pain.
On April 6, plaintiff was fired because of repeated tardiness — being late for work more than eight times which was grounds for discharge under the union contract. The matter of his termination was arbitrated and the termination was upheld.
Plaintiff then applied for a job at Mid-Continent Steel and was sent to Dr. Nash on April 19. Dr. Nash’s x-rays revealed a reversed spondylolisthesis of L-5, S-l and some narrowing of the L-5 and S-l inter-space. Plaintiff told Dr. Nash he had some back pain off and on but had no specific history of an injury. He was turned down for employment at Mid-Continent because of Dr. Nash’s findings.
Plaintiff went to see Dr. Fox, an orthopedic specialist, on April 29 and again on July 1 and August 6. He told Dr. Fox he had hurt his back some eight or ten years ago, that he had trouble ever since and that it continued to bother him and got worse. He did not mention any specific accident. X-rays showed a marked narrowing of the lowest intervertebral disc space at L-5. The doctor testified it takes a number of years to wear a disc out like this. Dr. Fox testified that at the time he examined plaintiff he was disabled from heavy work which is about all he is qualified to do in the doctor’s opinion.
Plaintiff went to see Dr. Young, another orthopedic specialist, on October 25, 1974. Plaintiff told Dr. Young he injured his back at work in the middle of January, 1974, when he slipped at the top of a ladder. The doctor examined him, did a myel-ogram and performed surgery on January 24, 1975. He found a large bulging soft disc at L^l, L-5 and L-5, S-l and marked edema and erethism or irritation of the S-1 nerve root bilaterally of the right more than the left. The doctor pointed out this man had two discs — one of them was old and one of them was relatively fresh. One of them had been there a long time and was probably the basis for him being turned down for employment and the other had been there a shorter period of time.

The Issues

The issues are:
(1) For workmen’s compensation benefits, did plaintiff prove a causal connection between his back problem and the accident of January, 1974?
(2) For group insurance benefits, did plaintiff establish entitlement thereto under the terms of the policy ?

*885
Workmen’s Compensation

In rejecting plaintiff’s demands, the trial judge did not specifically question the credibility of plaintiff but did emphasize the lack of corroboration and lack of reporting any back pain during the time in question and in not relating it to the January accident until he saw Dr. Young in October.
Plaintiff’s testimony about experiencing back pain at the time of the accident and more or less continuously thereafter is not corroborated in any respect, except by his subsequent proven back trouble and disability. The people he worked with said he never complained of pain in the back. He never mentioned any back pain to any of the doctors until he went to Dr. Fox after he had been turned down for employment by Dr. Nash. This was more than three months after the alleged accident. Even when plaintiff discussed occasional back pain with Dr. Fox, he did not mention or relate the pain to the January accident. He did not offer the testimony of his wife or anybody else that might have been able to verify back pain during the intervening period.
None of the doctors were directly asked and none testified that in their opinion plaintiff’s disc problem and disability was due to the accident of January, 1974. While leg pain can be a symptom of a disc disorder, there is no medical evidence linking the pain in plaintiff’s left knee to the subsequently diagnosed disc problems.
We agree with the trial court that plaintiff failed to prove a causal connection between the January accident and the subsequently diagnosed disc problems. Plaintiff continued to work without complaint of back pain for almost three months until he was terminated for repeated tardiness. It was not until after his disc pathology was pointed out to him by Dr. Nash and Dr. Fox that plaintiff began to experience significant symptoms of disc problems. It was not until he saw Dr. Young nine months after the accident that he related his subsequently developed back symptoms to the January accident. There was no medical testimony supporting a causal connection between the accident and the subsequent disabling back trouble. Plaintiff has not established his entitlement to workmen’s compensation benefits.

Sickness and Accident Insurance

Aetna’s group policy provides coverage for disability benefits for disability absence from work and medical expense benefits for expenses incurred by an employee of Bird & Son, Inc., arising out of a nonoccupational disease or injury, during employment. Plaintiff, alternatively to his demands for workmen’s compensation benefits, seeks recovery of medical expenses under the Aetna policy. '
The Aetna policy, by its terms, affords coverage to employees only during the period of their employment, subject to certain continuation provisions not applicable here. The policy specifically provides that all insurance of any employee under the policy shall terminate immediately when the employee’s employment with the participant employer terminates.
Plaintiff did not incur the medical expenses for which he seeks to recover prior to the termination of his employment. Although plaintiff undoubtedly had disc injury or disease prior to the termination of his employment, he was not disabled by reason thereof during his employment because he continued to work full time until terminated. Coverage under the policy did not extend beyond the termination of his employment and he is not entitled to benefits under the policy.

Decree

For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.